UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Gillman Bruton & Capone, LLC
Marc C. Capone, Esq.
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762
Phone # 732-528-1166

In Re:

Michelle Medler- Moran

Order Filed on February 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 19-25105

Chapter: 13

Judge: Christine M. Gravelle

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: February 5, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

☒ A Notice of Request for Loss Mitigation was filed by the debtor on January 9, 2020.

☐ A Notice of Request for Loss Mitigation was filed by the creditor, _____ on _____.

☐ The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 610 Ocean Road, Spring Lake Heights, NJ 07762

Creditor: Selene Finance LP

☐ It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☒ It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on _____ (90 days from the date of entry of this order, unless an *Application for Extension or Early Termination of the Loss Mitigation Period* is filed under Section IX.B of the LMP.)

- The debtor must make monthly adequate protection payments to the creditor during the Loss Mitigation Period in the amount of _____ on the due date set forth in the note, including any grace period. See Section VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.B. of the LMP and to obtain relief from the stay.

- Extension or early termination of the LMP may be requested as specified in Section IX.B of the LMP.

- If this case is dismissed during the loss mitigation period, loss mitigation is terminated effective on the date of the order of dismissal.

☒ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 14 days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

☐ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 14 days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*rev.12/17/19*

United States Bankruptcy Court
District of New Jersey

In re:  
Michelle Medler- Moran  
    Debtor

Case No. 19-25105-CMG  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin                 Page 1 of 1                  Date Rcvd: Feb 05, 2020
                          Form ID: pdf903             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2020.
db             +Michelle Medler- Moran,    610 Ocean Road,    Spring Lake, NJ 07762-1843

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2020 at the address(es) listed below:
    Albert   Russo     docs@russotrustee.com
    Charles G. Wohlrab    on behalf of Creditor    WELLS FARGO BANK, N.A. cwohlrab@LOGS.com, njbankruptcynotifications@logs.com
    Denise E. Carlon    on behalf of Creditor    U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
    Loren L. Speziale    on behalf of Creditor    Santander Bank, N.A. lspeziale@grossmcginley.com, jkacsur@grossmcginley.com;ehutchinson@grossmcginley.com
    Marc C Capone    on behalf of Debtor Michelle  Medler- Moran mcapone@gbclawgroup.com, docs@caponeandkeefe.com,ecf@gbclawgroup.com;e4eaf5f23@maildrop.clio.com;mcapone@gbclawgroup.com
    Rebecca Ann Solarz    on behalf of Creditor    U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust rsolarz@kmllawgroup.com
    Robert  Davidow     on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
    U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                         TOTAL: 8